IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON DAVID WALDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-121-SLP |
| ) | |
| STATE OF OKLAHOMA, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner, Aaron David Waldon, has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner alleges various constitutional violations regarding illegal search and seizure, bail, ineffective assistance of counsel, and prosecutorial misconduct. He also makes allegations regarding his conditions of confinement. United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation [Doc. No. 5] pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Purcell recommended the Petition be dismissed without prejudice[1] based on the *Younger v. Harris* abstention doctrine while Petitioner's state criminal proceedings continue. 401 U.S. 37 (1971). Judge Purcell also noted that Petitioner's conditions-of-confinement allegations are more appropriately raised under 42 U.S.C. § 1983. Petitioner objected to the R&R

---

[1] *See* Rules 1(b) and 4, Rules Governing Section 2254 Cases in the United States District Courts (authorizing dismissal of a § 2241 petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

[Doc. No. 6].[2]  Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*Younger* requires federal courts to abstain from interfering with state proceedings when three requirements are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)).  If these requirements are met, abstention is mandatory unless one of the following exceptions applies: "the prosecution was (1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of irreparable injury both great and immediate."  *Id*. at 1258–59 (cleaned up).

Petitioner does not directly attack any of the *Younger* abstention elements.[3]  He

---

[2] Although his objection was due March 15, 2021 and was not filed on the docket until the next day, Petitioner's Objection was postmarked March 12, 2021.  *See* Doc. No. 6-1.

[3] Petitioner does not dispute Judge Purcell's finding that there are ongoing state proceedings.  This is still true today, even though Petitioner is now awaiting sentencing rather than trial (which was the case at the time of the R&R).  *See Stouffer v. Whetsel*, No. CIV-02-1659-C, 2003 WL 27381882, at *2 (W.D. Okla. Feb. 27, 2003) (Bacharach, J.) (holding that *Younger* abstention was appropriate while the petitioner was awaiting sentencing), *report and recommendation adopted*, No. CIV-02-1659-C, 2003 WL 27381883 (W.D. Okla. Mar. 13, 2003).

agrees that Oklahoma has an important interest in enforcing its criminal laws and instead raises issues related to his conditions of confinement. Obj. 3. But allegations regarding Petitioner's conditions of confinement are better suited for § 1983 complaints—which Petitioner acknowledges he brought in a separate case pending before Judge Dishman. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).[4]

Petitioner invokes the *Younger* exceptions, however. These exceptions "only provide for a 'very narrow gate for federal intervention.'" *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1995) (quoting *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993)). First, Petitioner asserts he falls within the "bad faith or harassment" *Younger* exception because of the behavior of the district attorney and his former defense attorney. Petitioner asserts that the district attorney referred Petitioner to his former defense counsel, Anthony Coleman, who apparently disclosed the contents of a phone call from an unknown person to the district attorney. This information was allegedly used by the district attorney to raise Petitioner's bond. Mr. Coleman then withdrew from the case. Petitioner asserts the fact that Mr. Coleman withdrew "shows bad faith." Obj. 2.

The bad faith *Younger* exception "allows a federal court to enjoin a pending state prosecution that is brought in bad faith or to harass." *Phelps*, 59 F.3d at 1064. According to *Phelps*,

> [t]hree factors that courts have considered in determining whether a prosecution is commenced in bad faith or to harass are: (1) whether it was frivolous or undertaken with no reasonably objective hope of success, . . . (2)

---

[4] With respect to *Younger*'s directive that federal courts should not interfere with state proceedings, Petitioner states that he "has never interfered with proceedings and has always presented himself to Court on time." Obj. 2. Petitioner misunderstands the nature of *Younger* abstention.

> whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights, . . . and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions[.]

*Id.* at 1065. Petitioner bears a "heavy burden of proof" to overcome *Younger* abstention. *Id.* at 1066. Here, Petitioner has not attempted to demonstrate that any of these factors apply to his state prosecution. Petitioner does not show how his prosecution was commenced in bad faith and does not point to anything more than "mere allegations" of bad faith surrounding the increase of his bond, which are insufficient. *Id.*; *see also id.* ("the federal plaintiff must *prove* bad faith or harassment before intervention is warranted."). Accordingly, the bad faith *Younger* exception does not apply here.

Petitioner also asserts he fits the "irreparable injury" exception because he has lost property, employment, and "loved ones due to COVID-19[.]" Obj. 2. However,

> "irreparable injury" significant enough to permit federal court interference must pose a "threat to the plaintiff's federally protected rights . . . that cannot be eliminated by his defense against a single criminal prosecution" . . . "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."

*Winn*, 945 F.3d at 1259 (quoting *Younger*, 401 U.S. at 46). Here, Petitioner "does not explain how he would suffer irreparable injury if he proceeds to sentencing, appeal, and—if necessary—post-conviction proceedings in state court." *Stouffer*, 2003 WL 27381882, at *3. Petitioner can make his claims in state court. *See Arter v. Gentry*, 201 F. App'x 653, 653-54 (10th Cir. 2006). Abstaining under *Younger* will not result in irreparable injury.[5]

---

[5] Additionally, Petitioner's allegation regarding COVID-19 fails to establish irreparable injury

4

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 5] is ADOPTED and Petitioner's Objection thereto [Doc. No. 6] is DENIED.  Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE.  A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.[6]  A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not

---

under *Younger*.  *See Jumpp v. New Britain Superior Ct.*, No. 3:20-CV-01868 (VLB), 2021 WL 395870, at *2 (D. Conn. Feb. 3, 2021) ("Covid-19 is not an extraordinary circumstance falling within the exception to the *Younger* abstention doctrine.").

[6] A state prisoner seeking to appeal the denial of a habeas petition filed pursuant to 28 U.S.C. § 2241 must obtain a COA.  *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000).

met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

      IT IS SO ORDERED this 25th day of May, 2021.

                                                          SCOTT L. PALK  
                                                          UNITED STATES DISTRICT JUDGE